**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALETA RENEE CHAPMAN,** | § | |
| | § | |
| **plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:21-cv-3711** |
| | § | |
| **NEWREZ LLC fka New Penn Financial LLC dba Shellpoint Mortgage Servicing,** | § | |
| | § | |
| | § | |
| **defendant.** | § | |

**SHELLPOINT'S REMOVAL NOTICE**

NewRez LLC fka New Penn Financial LLC dba Shellpoint Mortgage Servicing (**Shellpoint**) removes Aleta Renee Chapman's state court action to this court pursuant to 28 USC §§ 1332 and 1441.

## I. STATEMENT OF THE CASE

1. On October 29, 2021, Ms. Chapman sued Shellpoint in the case styled *Aleta Renee Chapman v. NewRez LLC fka New Penn Financial, LLC dba Shellpoint Mortgage Servicing*, and assigned case 21-DCV-288542 in the 268th District Court of Fort Bend County, Texas. (orig. pet., **ex. 1**.) She sues to enjoin a scheduled November 2, 2021 trustee sale of the property located at 16118 Chamomile Court, Houston, Texas 77083 (*Id*. at ¶¶ 2, 8, & prayer, **ex. 1**.)

2. Ms. Chapman concedes Shellpoint sent an acceleration letter on September 10, 2021, but alleges it did not contain the notice of substitute trustee sale or otherwise identify the time, place and terms of the sale. (*Id*. at ¶¶ 13, 15-16, **ex. 1**.) Based on this allegation, Ms. Chapman claims Shellpoint breached the deed of trust by failing to provide proper notice of the sale. (*Id*.) She seeks monetary relief of not more than $100,000, a declaration as to whether Shellpoint followed the

proper procedure to foreclose, temporary and permanent injunctions prohibiting Shellpoint or its successors from selling the property, and attorneys' fees. (*Id*. at ¶¶ 17-25, **ex. 1**.)

## II. BASIS FOR DIVERSITY JURISDICTION

3. The court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.

### A. The parties are citizens of different states.

4. Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

5. Ms. Chapman is a citizen of Texas because that is where she resides. (orig. pet., ¶ 2, **ex. 1**.) *See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

6. Shellpoint is a citizen of Delaware and New York. Shellpoint is an assumed name of NewRez LLC, a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). NewRez LLC has one member. Its sole member is Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC has two members (**1**) NRM Acquisition LLC and (**2**) NRM Acquisition II LLC, both of which are Delaware limited liability companies. They each have just one member. New Residential Mortgage LLC, a Delaware limited liability company, is the sole member of both NRM Acquisition LLC and NRM Acquisition II LLC. New Residential Mortgage LLC has one member. Its sole member is New Residential Investment Corp., a Delaware corporation with its principal place of business in New York.

### B. The amount in controversy exceeds $75,000.

7. When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state

court petition. 28 USC § 1446(c)(2). If the plaintiff does not state the amount of damages it seeks, the burden falls on the defendant to prove the value of the claims. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The defendant must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This requirement can be satisfied if the defendant shows "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id*. (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

8. "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009) ("[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)).

9. The object of this litigation is the property at 16118 Chamomile Court, Houston, Texas 77083, which is valued at $222,670 by the Fort Bend Central Appraisal District. (appraisal dist. report, **ex. 8**.) *See e.g., Hernandez v. Residential Accredit Loans Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2007-QS3*, No. H-18-0724, 2018 WL 4033785, *3 (S.D. Tex. Aug. 23, 2018) (citing appraisal district report as evidence, held "[b]ecause plaintiffs . . . seek a declaration that the lien is void, and because the current market value of the property is $290,091.19 the amount in controversy exceeds the jurisdictional minimum of $75,000."). The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction.

## IV. PROCEDURAL REQUIREMENTS SATISFIED

10. Removal is timely under 28 USC § 1446(b) because it is filed within thirty days of Shellpoint's receipt of service of the complaint. Venue is proper in this court because the United States District Court for the Southern District of Texas embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state court regarding this removal. Pursuant to 28 USC § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as **exhibits 1-5**.

## V. CONCLUSION

The parties are completely diverse and the amount in controversy exceeds $75,000. This court may exercise diversity jurisdiction.

Date: November 11, 2021

Respectfully submitted,

*/s/ Michael J. McKleroy, Jr.*

Michael J. McKleroy, Jr.
SBN: 24000095, FBN: 576095
michael.mckleroy@akerman.com
--*Attorney in Charge*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
charles.townsend@akerman.com
Alfredo Ramos
SBN: 24110251, FBN: 3687680
fred.ramos@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR DEFENDANT SHELLPOINT MORTGAGE SERVICING**

**CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on November 11, 2021 as follows:

Brandy M. Alexander
Alexander Law PLLC
2502 La Branch Street
Houston, Texas 77004
**VIA CM/ECF and First Class Mail**

*/s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.