UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALETA RENEE CHAPMAN,** | § | |
| | § | |
| plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:21-cv-3711 |
| | § | |
| **NEWREZ LLC fka New Penn Financial** | § | |
| **LLC dba Shellpoint Mortgage Servicing,** | § | |
| | § | |
| defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

**1.     State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

Brandy M. Alexander, counsel for Ms. Chapman, and Alfredo Ramos, counsel for Shellpoint, conferred on January 21, 2022.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3.     Briefly describe what the case is about.**

Ms. Chapman sued to enjoin a November 2, 2021 foreclosure sale. She alleges she did not receive proper notice of the sale. Based on this allegation, she alleges claims for breach of contract and seeks declaratory relief.

Shellpoint denies the allegations and denies Ms. Chapman is entitled to any relief.

**4.     Specify the allegation of federal jurisdiction.**

The court has diversity jurisdiction over the claims because the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.

**5.     Name the parties who disagree and the reasons.**

None.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7.     List anticipated interventions.**

None.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

The parties will exchange initial disclosures before February 4, 2022.

**10.    Describe the proposed agreed discovery plan, including:**

   **A.     Responses to all the matters raised in Rule 26(f).**

   (i)     **Rule 26(f)(3)(A).**  No changes should be made in the timing, form, or requirement for disclosure under Rule 26(a).  The parties will make their initial disclosures within the time required by Rule 26(a)(1)(C).

   (ii)    **Rule 26(f)(3)(B).**  The parties will conduct discovery on the contentions, claims, theories of recovery, damages and defenses pleaded in this case.  There is no need to conduct discovery in phases.  Discovery can reasonably be completed by June 10, 2022.

   (iii)   **Rule 26(f)(3)(C).**  Any disclosure or discovery of electronic files should be produced in printed form.

   (iv)    **Rule 26(f)(3)(D).**  The need to resolve issues of privileges is not anticipated.  Any claims of privilege will be asserted pursuant to the rules.

   (v)     **Rule 26(f)(3)(E).**  There should be no changes to the limitations on discovery under either the federal or local rules.

   (vi)    **Rule 26(f)(3)(F).**  It is not anticipated any orders under Rule 26(c) or 16(b) or (c) should be issued at this time.

   **B.     When and to whom the plaintiff anticipates it may send interrogatories.**

   Ms. Chapman anticipates she will serve interrogatories to Shellpoint within 60 days.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

Shellpoint anticipates it will serve interrogatories to Ms. Chapman within 30 days.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

Ms. Chapman anticipates it will depose Shellpoint within 60 days of its responses to written discovery.  In the event Shellpoint's responses to written discovery reveals the need to depose third parties, Ms. Chapman anticipates it will depose such third parties within 90 days of its responses to written discovery.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

Shellpoint anticipates it will depose Ms. Chapman within 60 days of her responses to written discovery.  In the event Ms. Chapman's responses to written discovery reveals the need to depose third parties, Shellpoint anticipates it will depose such third parties within 90 days of her responses to written discovery.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Parties seeking affirmative relief will designate expert(s) and provide the reports Rule 26(a)(2)(B) requires by **March 11, 2022.**

Parties not seeking affirmative relief will designate expert(s) and provide the reports Rule 26(a)(2)(B) requires by **April 1, 2022.**

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Ms. Chapman does not anticipate this case will involve experts, other than for attorneys' fees.  However, if the need for either party to designate other experts arises, Ms. Chapman anticipates those depositions can be completed within 60 days of the designation and production of the expert's report.

**H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Shellpoint does not anticipate this case will involve experts, other than for attorneys' fees.  However, if the need for either party to designate other experts arises, Shellpoint anticipates those depositions can be completed within 60 days of the designation and production of the expert's report.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can be reasonably completed.**

June 10, 2022.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Ms. Chapman and Shellpoint are discussing settlement. They need to conduct discovery to advance those discussions.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties will exchange information and documents through discovery.

16. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties believe mediation may be suitable after the parties have had a reasonable time to conduct discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

18. **State whether a jury demand has been made and if was made on time.**

Ms. Chapman requested a trial by jury in her original petition.

19. **Specify the number of hours it will take to present the evidence in this case.**

The parties believe it will take 6 hours to present the evidence in this case.

**20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.   List other motions pending.**

None.

**22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.   Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Ms. Chapman certifies she filed her disclosure of interested parties on January 28, 2022.

Shellpoint certifies it filed its disclosure of interested parties as directed by the court on November 16, 2021. (*See* Doc. No. 3.)

**24.   List the names, bar numbers, addresses and telephone numbers of all counsel.**

> Brandy M. Alexander
> SBN 24108421, FBN: 3481068
> 2502 La Branch Street
> Houston, Texas 77004
> Telephone: 832-360-2318
> *Attorneys for plaintiff Aleta Renee Chapman*
>
> Michael J. McKleroy, Jr.
> SBN: 24000095, FBN: 576095
> C. Charles Townsend
> SBN: 24028053, FBN: 1018722
> Alfredo Ramos
> SBN: 24110251, FBN: 3687680
> 2001 Ross Avenue, Suite 3600
> Dallas, Texas 75201
> Telephone: 214.720.4300
> *Attorneys for defendant Shellpoint Mortgage Servicing*

Date: February 1, 2022                                      Respectfully submitted,

    */s/ Brandy M. Alexander*
Brandy M. Alexander
SBN 24108421, FBN: 3481068
brandyalexander@alexanderpllc.com
Alexander Law PLLC
2502 La Branch Street
Houston, Texas 77004
Telephone: 832-360-2318
Facsimile: 346-998-0886

**ATTORNEY FOR PLAINTIFF
ALETA RENEE CHAPMAN**

and

    */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.
SBN: 24000095, FBN: 576095
michael.mckleroy@akerman.com
 --*Attorney in Charge*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
charles.townsend@akerman.com
Alfredo Ramos
SBN: 24110251, FBN: 3687680
fred.ramos@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT
SHELLPOINT MORTGAGE
SERVICING**