UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ALETA RENEE CHAPMAN,** | § | |
| | § | |
| plaintiff, | § | |
| | § | |
| v. | § | Case 4:21-cv-3711 |
| | § | |
| **NEWREZ LLC fka New Penn Financial** | § | |
| **LLC dba Shellpoint Mortgage Servicing,** | § | |
| | § | |
| defendant. | § | |

### SHELLPOINT'S RESPONSE TO CHAPMAN'S MOTION FOR EXTENSION OF TIME TO RESPOND TO AND/OR AMEND RESPONSES TO DISCOVERY

NewRez LLC fka New Penn Financial LLC dba Shellpoint Mortgage Servicing (**Shellpoint**) responds in opposition to Aleta Renee Chapman's motion for extension of time to respond to and/or amend responses to her discovery responses [dkt. 13] as follows:

#### I. ARGUMENT SUMMARY

1.     Shellpoint served Ms. Chapman with written discovery requests, including requests for admissions, on February 1, 2022.  Ms. Chapman served admittingly untimely responses on March 17, 2022, handwriting "denied" in response to each request, including each interrogatory and request for production of documents.  She now moves for an extension of time to respond to the requests and/or to amend her responses.  Construing her motion as a motion to undeem admissions, it must be denied because Ms. Chapman fails to demonstrate how the presentation of the merits of the case will be promoted if the admissions are undeemed.

SHELLPOINT'S RESPONSE TO CHAPMAN'S MOTION FOR EXTENSION
OF TIME TO RESPOND TO AND/OR AMEND RESPONSES TO DISCOVERY
Case 4:21-cv-3711; *Aleta Renee Chapman v. NewRez LLC*

Page 1 of 8

## II.     RELEVANT FACTS

2. Ms. Chapman filed this suit to enjoin the November 2, 2021 foreclosure sale. (orig. pet. at ¶¶ 21-22, dkt. 1-2.) She sues for breach of contract, arguing Shellpoint "never sent [her] the notice of trustee sale." (*Id*. at ¶ 16, dkt. 1-2.) She also sues for declaratory relief, claiming "[b]ecause [Shellpoint] failed to follow proper procedure to sell [her] property, [it] does not have standing to seek non-judicial foreclosure of the property on November 2, 2021. (*Id*. at ¶ 17, dkt. 1-2.) As a result, she seeks declarations to determine "whether [Shellpoint] followed the proper procedure pursuant to the deed of trust, the Texas Property Code and the Texas Rules of Civil Procedure," and/or "if [Shellpoint] has the authority to foreclosure [*sic*] and remove [her] from the property," and Shellpoint "does not have the power of sale for the November 2, 2021 foreclosure for failure to send a current notice of sale." (*Id*. at ¶ 19, dkt. 1-2.)

3. Ms. Chapman also sues to permanently enjoin Shellpoint "from selling the property." (*Id*. at ¶ 24, dkt. 1-2.)

4. Shellpoint served Ms. Chapman's counsel, Brandy Alexander, with requests for admissions, interrogatories, and requests for productions of documents on February 1, 2022. (McKleroy decl. at ¶ 3, **ex. A**; disc. reqs., **ex. A-1**.) The requests for admissions asked Ms. Chapman admit facts which, based on Shellpoint's review of the loan file, should not be in dispute. (McKleroy decl. at ¶ 3, **ex. A**.) If Ms. Chapman did not admit a requested proposition, she was then asked to respond to an interrogatory and/or request for production of documents supporting the reasons for her denial. (*see generally* disc. reqs., **A-1**.)

5. For example, Shellpoint attached a copy of payment histories showing the status of the loan through October 31, 2012 and January 4, 2022. (disc. reqs. at rfa 11, 18 & exs. C, D, **ex. A-1**.) Ms. Chapman was asked to admit the histories accurately reflected the status of the loan through the end date. (*Id*. at rfa 11, 18, **ex. A-1**.) If she did not admit these requests, she was asked to provide specific information (and produce supporting documents) regarding the reasons for not admitting the payment histories accurately reflected the status of the loan through the end date, the monthly installment she claims the loan was paid through as of the end date, what she contends the principal balance should have been as of the end date, and to identify any misapplied payments and/or charges. (*Id*. at int. & rfp 12-17, 19-30, **ex. A-1**.)

6. Ms. Chapman was also asked about the notices provided to conduct a non-judicial foreclosure sale—the notice of default, opportunity to cure letter and intent to accelerate notice and the notice of acceleration and foreclosure sale. (*Id*. at rfa, int. & rfp at 31-38, exs. E, F, **ex. A-1**.) She was asked to admit the notices attached to the discovery requests were true and correct copies and that they were mailed to her at her last known address, postage prepaid and, if she failed to admit these things, to state the reasons (and produce supporting documents) for failing to admit them. (*Id*. at rfa, int. & rfp at 31-38, **ex. A-1**.)

7. Ms. Chapman's responses were due March 3, 2022. Fed. R. Civ. P. 36(a)(3). Late on March 4, 2022, Ms. Alexander moved to withdraw and Ms. Chapman's counsel. (mtn. for withdrawal, dkt. 10.) The motion was granted March 7, 2022. (order, dkt. 12.) No other attorney has appeared to represent Ms. Chapman.

8.     Ms. Chapman responded to the Shellpoint's discovery requests for the first time on March 17, 2022.  (McKleroy decl. at ¶ 4, **ex. A-1**; disc. resp., **ex. A-3**.)  In response to each response, including the interrogatories and requests for production of documents, Ms. Chapman handwrote "denied."  (disc. resp., **ex. A-3**.)  She has not provided any substantive responses to any of the interrogatories or requests for production of documents and has not produced any documents responsive to the requests for production.  (McKleroy decl. at ¶ 4, **ex. A-1**.)

9.     Ms. Chapman filed her motion for extension of time to respond and/or amend responses to discovery on March 21, 2022.  (mtn. for extension, dkt. 13.)  She claims she and Ms. Alexander "had discussed possible responses" and Ms. Alexander "sent a draft on March 4th for answers to discovery, the due date," but she and Ms. Alexander "could not agree on the propriety of some of the proposed answers."  (*Id.* at p. 1, dkt. 13.)  Ms. Chapman contends she had no knowledge of "any of these dates or deadlines" until she received a letter from Shellpoint's counsel on March 8, 2022.  (*Id.*, dkt. 13.)  Her response attaches a copy of the same March 17, 2022 responses served on Shellpoint.  (*compare* dkt. 13-1 *with* disc. resp., **ex. A-3**.)

### III.     ARGUMENT & AUTHORITIES

**A.     Applicable legal standard**.

10.     Federal Rule of Civil Procedure 36 allows a party to request from any other party admissions to a broad range of factual matters, including the application of law to fact. Fed. R. Civ. P. 36(a) (1); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001).  "Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *Carney*, 258 F.3d at 419.  For rule 36 to be effective in this regard, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge.  *Id.*

11. A party served with a request for admission has 30 days to answer or object to the request. Fed. R. Civ. P. 36(a)(3). If a party fails to timely respond, the matter is deemed admitted and is "conclusively established" and can result in summary judgment against the non-responding party. Fed. R. Civ. P. 36(b); *Carney*, 258 F.3d at 420 n.6 (collecting cases granting summary judgment on basis of deemed admissions).

12. To obtain relief from deemed admissions, Ms. Chapman must file a motion to withdraw or amend them. Fed. R. Civ. P. 36(b); *Allen v. Ocwen Loan Servicing, LLC*, No. CV H-15-1672, 2015 WL 12778694, at *2 (S.D. Tex. Dec. 24, 2015). "In order to allow withdrawal of a deemed admission, rule 36(b) requires that a trial court find that withdrawal or amendment: (**1**) would serve the presentation of the case on its merits, but (**2**) would not prejudice the party that obtained the admissions in its presentation of the case." *Carney*, 258 F.3d at 419. Even when these two factors are established, the court still has discretion to deny a request for leave to withdraw an admission. *Carney*, 258 F.3d at 419.

**B.    Undeeming admissions will not promote presentation of the merits.**

13. In determining whether withdrawal would serve the presentation of the case on the merits, a court should consider "whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case." *Le v. Cheesecake Factory Restaurants, Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007). "Even where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission.'" *Id*.

14. Ms. Chapman's motion fails to establish how the presentation of the merits of the case will be promoted by undeeming the admissions, or even attempt to do so.[1] Nor does she point to any evidence suggesting any admission, if left standing, would be inaccurate. *Le*, 2007 WL 715260, at *2 (citing with approval *Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658-59 (E.D. N.C. 1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law.")); *see also RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC*, No. CIV.A. H-07-2426, 2008 WL 2036816, at *4 (S.D. Tex. May 9, 2008) (finding first element not met where "[t]here is no showing that the deemed admissions would be contrary to the record of the case. There is no showing that the deemed admissions are no longer true because of changed circumstances or that the substance of the admissions is the product of an honest error regarding the underlying facts of the dispute.") Ms. Chapman's refusal to respond to any of Shellpoint's interrogatories and requests for production shows no such evidence exists.

15. The record of the case—as demonstrated by Shellpoint's summary judgment motion—demonstrates her deemed admissions are consistent with the evidence. (msj, dkt. 17.)

---

[1] Her motion instead attempts to explain she did not timely respond because of an apparently lack of communication with her former attorney and/or her own ignorance of procedural rules and deadlines once she represented herself. These explanations are irrelevant and misguided. She cannot blame the lack of response to Ms. Alexander, her own chosen attorney. "Each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *Link v. Wabash R. Co*., 370 U.S. 626, 633-34 (1962). As a result, a party "cannot now avoid the consequences of the acts or omissions of this freely selected agent." *Id*. at 634; *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("[W]e have held that clients must be held accountable for the acts and omissions of their attorneys."); *see also Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 419 (5th Cir. 2006) ("It is well-established, however, that a party is bound by the acts of his attorney.") Nor can she blame her own ignorance in proceeding *pro se*. "Additionally, courts have continuously held that ignorance of the law and inadvertent noncompliance, including missed deadlines and defective pleadings, are inexcusable even when the plaintiff is proceeding pro se." *Edwards v. Biotronics Kidney Ctr.*, No. 1:09-CV-348, 2010 WL 27214, at *2 (E.D. Tex. Jan. 5, 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")

**SHELLPOINT'S RESPONSE TO CHAPMAN'S MOTION FOR EXTENSION**     Page 6 of 8
OF TIME TO RESPOND TO AND/OR AMEND RESPONSES TO DISCOVERY
Case 4:21-cv-3711; *Aleta Renee Chapman v. NewRez LLC*

The summary judgment evidence establishes Ms. Chapman was in default, Shellpoint mailed her notice of her default, opportunity to cure and notice of its intent to accelerate the loan if she failed to do so, and Shellpoint's foreclosure counsel, Barrett Daffin Frappier Turner & Engel, LLP, mailed her notice the loan was accelerated and a non-judicial foreclosure sale was scheduled for November 2, 2022.  (*compare* disc. reqs. at rfa 11, 18, 25, 28, 31-32, 35-36 & exs. C-F, **ex. A-1** *with* msj at ¶¶ 6-7, ex. A (Mitchell decl. at ¶¶ 9-10) & ex. C ([BDFTE] decl. at ¶ 3), dkt. 17.)

16. Even if Ms. Chapman sustained her burden, the court should nevertheless exercise its discretion to deny her motion because her refusal to respond to any of the interrogatories and requests for production of documents demonstrates a lack of good faith.

## IV.   PRAYER

For all of these reasons, this court should deny Ms. Chapman's motion for extension of time to respond to and/or amend her responses to discovery and grant Shellpoint any and all other relief to which it shows itself justly entitled.

Date: April 11, 2022                                                         Respectfully submitted,

    */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.
SBN: 24000095, FBN: 576095
michael.mckleroy@akerman.com
 --*Attorney in Charge*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
charles.townsend@akerman.com
Alfredo Ramos
SBN: 24110251, FBN: 3687680
fred.ramos@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANT NEWREZ LLC dba SHELLPOINT MORTGAGE SERVICING**

## CERTIFICATE OF SERVICE

A true and correct copy of this document was served on April 11, 2022 as follows:

Aleta Chapman
16118 Chamomile Court
Houston, Texas 77083
**VIA CERTIFIED MAIL RECEIPT NO.9414726699042186486253**
**AND VIA EMAIL** aletachapman67@yahoo.com

    */s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.

SHELLPOINT'S RESPONSE TO CHAPMAN'S MOTION FOR EXTENSION
OF TIME TO RESPOND TO AND/OR AMEND RESPONSES TO DISCOVERY
Case 4:21-cv-3711; *Aleta Renee Chapman v. NewRez LLC*

Page 8 of 8