**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ALETA RENEE CHAPMAN, § § **Plaintiff,** § § v. § § NEWREZ, LLC, F/K/A NEW PENN § FINANCIAL, LLC D/B/A SHELLPOINT § MORTGAGE SERVICING; U.S. BANK § TRUST, NATIONAL ASSOCIATION, § SOLELY AS OWNER TRUSTEE FOR § RCF 2 ACQUISITION TRUST; BANK § OF AMERICA, N.A., SUCCESSOR IN § INTEREST TO COUNTRYWIDE § BANK, A DIVISION OF TREASURY § BANK, N.A.; SELENE FINANCE, AND § UNKNOWN PARTIES IN INTEREST § 1-10, § § **Defendants.** § | **CIVIL ACTION NO. 4:21-cv-03711** |

**<u>DEFENDANT BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT WITH INCORPORATED MEMORANDUM OF LAW</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

MEMORANDUM OF LAW .......................................................................................................1

I. PROCEDURAL HISTORY..................................................................................................2

II. INTRODUCTION AND BACKGROUND FACTS ............................................................2

    A. The Loan Documents, Court Records from Prior Litigation, and Publicly Recorded Documents ................................................................................................2

    B. Plaintiff's Allegations ...............................................................................................5

III. ARGUMENT AND AUTHORITIES ..................................................................................6

    A. Res judicata bars Plaintiff's claims against BANA. ................................................7

    B. Plaintiff's claims against BANA are time-barred. ...................................................8

    C. Plaintiff does not state a plausible claim for slander of title (Count Three). ............9

        1. The economic loss doctrine bars Plaintiff's tort claim for slander of title because the claim sounds in contract. ........................................................9

        2. Plaintiff does not allege sufficient facts to state a plausible claim for slander of title under Texas law. ........................................................10

    D. Plaintiff does not state a plausible claim for civil conspiracy (Count Four). ........11

    E. Plaintiff is not entitled to declaratory relief (Count One). .....................................13

IV. CONCLUSION...................................................................................................................14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*,
  998 F.3d 190 (5th Cir. 2021) ...................................................................................................8

*Agrielectric Power Partners, Ltd. v. Gen. Elec. Co.*,
  20 F.3d 664 (5th Cir. 1994) .....................................................................................................7

*Allen-Pieroni v. Pieroni*,
  535 S.W.3d 887 (Tex. 2017) ...................................................................................................9

*Amstadt v. U.S. Brass Corp.*,
  919 S.W.2d 644 (Tex. 1996) ...................................................................................................7

*Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.*,
  361 S.W.3d 773 (Tex. App.—Houston [14th Dist.] 2012) ......................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................6, 7, 13

*Bauer v. Texas*,
  341 F.3d 352 (5th Cir. 2003) .................................................................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................................6, 7

*Brillhart v. Excess Ins. Co. of Am.*,
  316 U.S. 491 (1942) ..............................................................................................................13

*Duke Energy Int'l, L.L.C. v. Napoli*,
  748 F. Supp. 2d 656 (S.D. Tex. 2010) ...................................................................................11

*Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Loading Grp., Inc.*,
  301 S.W.3d 747 (Tex. App.—El Paso 2009, no pet.) ............................................................10

*Ellis v. Amex Life Ins. Co.*,
  211 F.3d 935 (5th Cir. 2000) ...................................................................................................7

*Firestone Steel Products Co. v. Barajas*,
  927 S.W.2d 608 (Tex. 1996) .................................................................................................12

*Funk v. Stryker Corp.*,
  631 F.3d 777 (5th Cir. 2011) ...................................................................................................2

*Jim Walter Homes, Inc. v. Reed*,
    711 S.W.2d 617 (Tex. 1986) .................................................................................... 9

*Lindsey v. Ocwen Loan Servicing, LLP*,
    No. 3:10-CV-967-L, 2011 WL 2550833 (N.D. Tex. June 27, 2011) ...................... 13

*Pampell Interests, Inc. v. Wolle*,
    797 S.W.2d 392 (Tex. App.—Austin 1990) ........................................................ 9, 11

*Poag v. Flories*,
    317 S.W.3d 820 (Tex. App.—Fort Worth 2010) ...................................................... 8

*Randall D. Wolcott, M.D., P.A. v. Sebelius*,
    635 F.3d 757 (5th Cir. 2011) ..................................................................................... 2

*Reliable Consultants, Inc. v. Earle*,
    517 F.3d 738 (5th Cir. 2008) ..................................................................................... 6

*Sw. Bell Tel. Co. v. DeLanney*,
    809 S.W.2d 493 (Tex. 1991) ...................................................................................... 9

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ..................................................................................... 6

*Triplex Communications, Inc. v. Riley*,
    900 S.W.2d 716 (Tex. 1995) .................................................................................... 12

*Williams v. Jennings*,
    755 S.W.2d 874 (Tex. App.—Houston 1988, writ ref'd) ....................................... 10

**Statutes**

28 U.S.C. § 2201 .................................................................................................................. 13

28 U.S.C. § 2201(a) ............................................................................................................. 13

Tex. Civ. Prac. & Rem. Code § 16.003 ................................................................................ 8

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 2, 6

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Bank of America N.A. ("BANA")[1] moves to dismiss in its entirety the First Amended Petition for Damages and Demand for Jury Trial (the "Amended Complaint" or "Am. Compl.," Doc. 33), filed by Plaintiff Aleta Renee Chapman ("Plaintiff") on July 29, 2022, for failure, as a matter of law, to state any cognizable claim for relief. BANA respectfully submits the following Memorandum of Law in support of its motion.

## MEMORANDUM OF LAW

Plaintiff, a defaulted homeowner, sued BANA in 2013 in the the U.S. Bankruptcy Court for the Southern District of Texas. That court found on June 16, 2015 that a deed of trust Plaintiff signed in 2004 was valid and enforceable, notwithstanding that it was not initially filed in the county records. That court also denied "all relief sought by the Plaintiff" and found that two corrective assignments of the deed of trust clarified the public record and established that Green Tree Servicing, LLC ("Green Tree"), as assignee of the deed of trust from BANA, held a valid deed of trust that secured Plaintiff's 2004 promissory note. Judge Sim Lake affirmed the bankruptcy court's judgment on December 29, 2015. Despite that prior litigation, Plaintiff alleges that "there has been a break in the chain of title" and asserts slander of title and civil conspiracy claims against BANA, and she seeks declaratory relief regarding the "legal and equitable" interests and rights in her property. But BANA does not hold or claim to hold any interest in Plaintiff's note or deed of trust and is not attempting to foreclose on Plaintiff's property. And in any event, Plaintiff's claims are barred by res judicata and time-barred, her tort claim for slander of title is barred by the economic loss doctrine, and she otherwise does not state a plausible claim for relief. The Court should dismiss the Amended Complaint, with prejudice.

---

[1] The Amended Complaint names BANA as "successor in interest to Countrywide Bank, a division of Treasury Bank, N.A." BANA responds on behalf of the named defendant.

1

I.     PROCEDURAL HISTORY

Plaintiff commenced this action in the 268th District Court, Fort Bend County, Texas, as Cause No. 21-DCV-288542, and Defendant NewRez LLC fka New Penn Financial LLC dba Shellpoint Mortgage Servicing ("Shellpoint") removed this action to this Court on November 11, 2021. Doc. 1.

On July 29, 2022, Plaintiff filed the Amended Complaint, which added BANA and several other parties as new defendants. Doc. 33. The Amended Complaint asserts four causes of action, including a claim for breach of contract against "NewRez," i.e., Shellpoint (Count Two), claims for slander of title (Count Three) and civil conspiracy (Count Four), and a request for declaratory relief in relation to the rights and interest in Plaintiff's property (Count One). BANA now timely responds to the Amended Complaint.

II.    INTRODUCTION AND BACKGROUND FACTS

A.     **The Loan Documents, Court Records from Prior Litigation, and Publicly Recorded Documents**

On November 10, 2004, Plaintiff executed a note (the "2004 Note," attached as **Exhibit A**)[2] in favor of Countrywide Home Loans, Inc. ("CHLI") in exchange for a loan in the principal amount of $126,200.00 (the "Loan"). Am. Compl. ¶ 16. The 2004 Note was secured by a deed of trust on the property located at 16118 Chamomile Ct., Houston, Texas 77083 (the "Property") executed by Plaintiff on November 10, 2004, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for CHLI and the successors and assigns of CHLI (the

---

[2] "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks and citation omitted); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The Court may consider the Note in ruling on this motion to dismiss because it is referenced in ¶ 16 of the Amended Complaint.

2

"2004 Deed of Trust," attached as **Exhibit B**).³ *Id.* ¶ 28.  The 2004 Deed of Trust was initially not filed in the county records.  *Id.* ¶ 16.

On February 25, 2013, Plaintiff filed a chapter 7 voluntary petition for bankruptcy in the U.S. Bankruptcy Court for the Southern District of Texas, Case No. 13-31039 (the "Bankruptcy Action").  A copy of the docket from the Bankruptcy Action is attached as **Exhibit C**.

On November 18, 2013, Plaintiff commenced an Adversary Action in the U.S. Bankruptcy Court for the Southern District of Texas, Case No. 13-03315 (the "Adversary Action") against then-servicer Green Tree.  A copy of the docket from the Adversary Action is attached as **Exhibit D**.  On March 26, 2014, Plaintiff filed a Second Amended Complaint (the "Adversary SAC," attached as **Exhibit E**), adding BANA and Fannie Mae as defendants.  In the Adversary SAC, Plaintiff sought a declaratory judgment "regarding the validity, priority, or extent of the lien and claim of" Green Tree pursuant to the 2004 Deed of Trust, alleging that the debt owed pursuant to the Note was unsecured because the 2004 Deed of Trust had not been recorded in the county records.  *See* Ex. E at 1, 8-9.⁴

While the Adversary Action was pending, on May 11, 2015, MERS executed a Corrective Assignment of Deed of Trust (the "May 11, 2015 Corrective Assignment," attached as **Exhibit F**), by which MERS assigned the 2004 Deed of Trust to BANA.  On May 13, 2015, BANA executed a Corrective Assignment of Deed of Trust (the "May 13, 2015 Corrective Assignment," attached as **Exhibit G**), by which BANA assigned the 2004 Deed of Trust to

---

³ The Court may consider the Deed of Trust in ruling on this motion to dismiss because it was filed in Case 13-03315 (Doc. 37-1) in the U.S. Bankruptcy Court for the Southern District of Texas and is a matter of public record.  Additionally, the Deed of Trust is referenced in ¶ 28 of the Amended Complaint.
⁴ The Court may take judicial notice of the dockets from the Bankruptcy Action and Adversary Action, as well as the Adversary SAC, because they are court documents and a matter of public record.

3

Green Tree.[5]  Those Corrective Assignments were executed and filed in the county records to correct errors that appeared on two prior assignments, executed by MERS and BANA, respectively.  The two prior assignments mistakenly referenced a July 26, 2002 deed of trust from Plaintiff, which was released when Plaintiff refinanced her mortgage loan on November 10, 2004, Am. Compl. ¶ 16, rather than the 2004 Deed of Trust Plaintiff executed on November 10, 2004.  *See* Exs. F & G.

The May 11, 2015 Corrective Assignment (identified as Trial Exhibit 14) and the May 13, 2015 Corrective Assignment (identified as Trial Exhibit 15) were placed before U.S. Bankruptcy Judge Marvin Isgur and admitted in evidence at trial in the Adversary Action.  *See* Transcript from June 16, 2015 Hearing (the "Hearing Transcript," attached as **Exhibit H**) at 11, 35-36, 42-44.  [6]  Collectively, the Corrective Assignments evidenced an assignment from MERS to BANA, and a subsequent assignment from BANA to Green Tree, thus clarifying the public record and establishing Green Tree as the assignee of the 2004 Deed of Trust.

On June 16, 2015, Judge Isgur issued a Judgment (the "June 16, 2015 Judgment," attached as **Exhibit I**) which confirmed that (i) the 2004 Deed of Trust was valid, (ii) the 2004 Deed of Trust secured the 2004 Note, and (iii) Green Tree was the record assignee of the 2004 Deed of Trust:

> For the reasons set forth on the record:
>
> 1. Greentree Servicing LLC as Servicer for Fannie Mae, Its Successors and/or Assigns, holds a valid deed of trust securing a promissory note dated November 10, 2004 in the amount of $126,200.00. The security under the deed of trust is the real

---

[5] The Court may take judicial notice of the May 11, 2015 Corrective Assignment because it was filed in the Official Public Records of Fort Bend County, Texas on May 13, 2015 as Instrument No. 2015051030.  The Court may also take judicial notice of the May 13, 2015 Corrective Assignment because it was filed in the Official Public Records of Fort Bend County, Texas on May 15, 2015 as Instrument No. 2015052001.

[6] The Court may take judicial notice of the June 16, 2015 Hearing Transcript from the Adversary Action because it is a matter of public record.

>property located at 16118 Chamomile Court, Houston, Texas 77083.

Ex. I ¶ 1. Judge Isgur also denied "All relief sought by the Plaintiff…." *Id.* ¶ 2. By Order and Final Judgment dated December 29, 2015, U.S. District Court Judge Sim Lake affirmed the June 16, 2015 Judgment (the "December 29, 2015 Order and Judgment," collectively attached as **Exhibit J**).[7]

The 2004 Deed of Trust was subsequently filed in the Official Public Records of Fort Bend County, Texas, on April 20, 2020 as Instrument No. 2020044455 (the "Recorded DOT," attached as **Exhibit K**).[8] On February 23, 2021, Green Tree executed an Assignment of Deed of Trust (the "2021 Assignment," attached as **Exhibit L**), assigning the 2004 Deed of Trust to NewRez LLC D/B/A Shellpoint Mortgage Servicing ("Shellpoint"), which was filed in the Official Public Records of Fort Bend County, Texas on March 1, 2021 as Instrument No. 2021031037.[9] Thus, the public record shows that Shellpoint is the assignee of record of the 2004 Deed of Trust.

B.  **Plaintiff's Allegations**

Notwithstanding the prior Judgments and recorded documents discussed above, which make clear that (i) the 2004 Deed of Trust is valid and enforceable, (ii) as of June 16, 2015, Green Tree was the assignee of record of the 2004 Deed of Trust, and (iii) as of March 1, 2021, Shellpoint is the assignee of record of the 2004 Deed of Trust, Plaintiff alleges that "there has been a break in the chain of title on the subject property." Am. Compl. ¶ 26. Plaintiff further alleges without supporting facts that "defendants have prepared and filed multiple contradictory

---

[7] The Court may take judicial notice of the June 16, 2015 Judgment and December 29, 2015 Order and Judgment because they are court orders and are a matter of public record.
[8] The Court may consider the Recorded DOT because it is a matter of public record and is referenced in ¶ 28 of the Amended Complaint.
[9] The Court may take judicial notice of the 2021 Assignment because it is a matter of public record.

5

assignments and other encumbrance documents" against the Property and made "multiple false statements in disparagement of Plaintiff's title" to the Property, *id.* ¶¶ 61-65, and have conspired through the use of "forgery, trickery and illegal document production and recordation in order to accomplish a foreclosure" of the Property," *id.* ¶ 74. Plaintiff's remaining allegations pertain to the period beginning "[a]round late 2019" and do not involve BANA; rather, those allegations pertain to Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech"), subsequent servicer Shellpoint (referred to by Plaintiff as "Newrez"), and current servicer Selene Finance LLP ("Selene"), which Plaintiff alleges began servicing the Loan effective January 4, 2022. *Id.* ¶¶ 29-43; *see also id.* ¶ 6 (alleging that Selene "purports to be the current mortgage servicer and mortgagee of Plaintiff's mortgage loan made subject of this suit").

## III. ARGUMENT AND AUTHORITIES

The Court should dismiss outright a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant, *see Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008), but not conclusory allegations or legal conclusions masquerading as factual conclusions. Such will not suffice to prevent a motion to dismiss. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (citations omitted). It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). While not a "probability requirement," the plausibility standard announced in *Twombly* and *Iqbal* requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts that are 'merely consistent

6

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Plaintiff's allegations do not satisfy the *Iqbal/Twombly* standard for pleading a plausible claim for relief.

  **A.**  **Res judicata bars Plaintiff's claims against BANA.**

  Texas and federal law require four elements in determining res judicata/claim preclusion: (1) the parties are identical or in privity; (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 936 (5th Cir. 2000); *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996). Under Texas law, courts apply a "transaction" test in determining whether two suits involve the same claim; the "critical issue" is "whether the plaintiff bases the two actions on the same nucleus of operative facts." *Agrielectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 664, 665 (5th Cir. 1994).

  Here, an analysis of the four relevant factors shows that res judicata applies and bars Plaintiff's claims against BANA in their entirety because the prior Adversary Action and the instant action are based on the same nucleus of operative facts. First, Plaintiff and BANA were parties to the Adversary Action. Second, the June 16, 2015 Judgment rendered by Judge Isgur, which Judge Lake affirmed on appeal, was rendered by a court of competent jurisdiction. Exs. I & J. Third, the Adversary Action concluded with a final judgment on the merits, whereby Judge Isgur (i) found that the 2004 Deed of Trust was valid and secured the 2004 Note and that Green Tree was its assignee and (ii) denied all relief sought by Plaintiff. *Id.* Fourth, the Adversary Action and the instant action both involve the validity of the 2004 Deed of Trust, the Corrective Assignments, and the erroneous prior assignments they corrected, Exs. H & I, which Plaintiff now alleges demonstrate "a break in the chain of title on the subject property," Am. Compl. ¶ 26.

7

Because all four elements of res judicata are clearly satisfied, Plaintiff's claims for slander of title (Count Three), civil conspiracy (Count Four), and declaratory relief (Count One) are barred as a matter of law, and the Court should dismiss them with prejudice.

### B. Plaintiff's claims against BANA are time-barred.

Plaintiff's claims against BANA for slander of title (Count Three) and civil conspiracy (Count Four) are also time-barred and should be dismissed with prejudice. Here, Plaintiff's allegations against BANA pertain only to (i) the 2004 Deed of Trust, which initially was not filed in the county records and which Judge Isgur ruled was a valid and enforceable lien, on June 16, 2015, as affirmed by Judge Lake on December 29, 2015; and (ii) the May 11, 2015 and May 13, 2015 Corrective Assignments, which were placed before Judge Isgur and admitted in evidence at trial in the Adversary Action and establish that BANA assigned the Deed of Trust to Green Tree more than seven years ago. *See* Exs. H (Tr. at 11, 35-36, 42-44), I & J. Plaintiff does not allege that BANA is trying to foreclose on the Property or that BANA holds or claims to hold any interest in the 2004 Note or 2004 Deed of Trust. *See generally* Am. Compl. And as discussed above, Plaintiff's remaining allegations pertain to defendants Green Tree/Ditech, Shellpoint/NewRez, and Selene and the period beginning "[a]round late 2019." Am. Compl. ¶¶ 29-43. Thus, based on her allegations, Plaintiff's slander of title and civil conspiracy claims against BANA accrued no later than May 2015, when the May 13, 2015 Corrective Assignment was recorded and BANA ceased to hold any interest in the 2004 Deed of Trust.

Claims for slander of title and civil conspiracy, however, are subject to a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003; *Poag v. Flories*, 317 S.W.3d 820, 826 (Tex. App.—Fort Worth 2010) ("The two-year statute of limitations governs a claim for slander of title."); *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 201 (5th Cir. 2021) ("Civil conspiracy claims are generally subject to a two-year statute of

limitations."). Thus, to the extent res judicata does not apply, Plaintiff's slander of title and civil conspiracy claims against BANA expired in 2017. The Court should, therefore, dismiss Plaintiff's time-barred claims with prejudice.

### C. Plaintiff does not state a plausible claim for slander of title (Count Three).

In the unlikely event the Court finds Plaintiff's slander of title claim against BANA is not barred by res judicata or time-barred by the two-year statute of limitations, the Court should still dismiss Count Three, with prejudice, because the economic loss doctrine bars Plaintiff's claim, and Plaintiff does not allege sufficient facts to state a plausible claim for relief.

#### 1. The economic loss doctrine bars Plaintiff's tort claim for slander of title because the claim sounds in contract.

Texas courts have made clear that a claim for slander of title is a tort claim. *See*, *e.g.*, *Allen-Pieroni v. Pieroni*, 535 S.W.3d 887, 887-88 (Tex. 2017) (describing slander of title as a "tort action"); *Pampell Interests, Inc. v. Wolle,* 797 S.W.2d 392, 395 (Tex. App.—Austin 1990) ("Slander of title is a tort action with stringent pleading and proof requirements."). Texas courts have also made clear that the economic loss doctrine bars tort claims when the parties' relationship and their attendant duties arise from a contract. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone." (quoting *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)); *see also Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.*, 361 S.W.3d 773, 779 (Tex. App.—Houston [14th Dist.] 2012) (the economic loss rule "generally precludes recovery in tort when the only economic loss to the plaintiff is the subject matter of a contract").

Here, Plaintiff's allegations demonstrate that her slander of title claim against BANA stems from the 2004 Note and 2004 Deed of Trust, as well as the Corrective Assignments executed and recorded in May 2015 and the erroneous assignments they corrected. Thus,

9

because Plaintiff's tort claim for slander of title sounds in contract, the economic loss doctrine bars the claim as a matter of law, and the Court should dismiss it with prejudice.

### 2. Plaintiff does not allege sufficient facts to state a plausible claim for slander of title under Texas law.

Plaintiff does not allege sufficient facts to state a plausible claim for slander of title. Under Texas law, "'slander of title' is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Elijah Ragira/VIP Lodging Grp., Inc. v. VIP Loading Grp., Inc.*, 301 S.W.3d 747, 758 (Tex. App.—El Paso 2009, no pet.). A slander of title action in Texas requires: (1) the uttering and publishing of disparaging words; (2) falsity; (3) malice; (4) special damages; (5) possession of an estate or interest in the property disparaged; and (6) the loss of a specific sale. *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston 1988, writ ref'd). In the context of a slander of title action, the type of malice required is "legal malice," which means "merely that the act must have been deliberate conduct without reasonable cause." *Id.* at 882. "Special damages" are those damages that proximately, naturally, and reasonably result from the alleged slander. *See id.* at 884. To recover special damages, a plaintiff must plead and prove the loss of a specific, pending sale that was defeated by the slander. *See id.*

Here, Plaintiff does not make any allegations demonstrating the uttering and publishing of disparaging words by BANA, maliciousness by BANA, or special damages resulting from BANA's actions. *See generally* Am. Compl. At most, she alleges that unidentified "Defendants" have made "multiple false statements in disparagement of Plaintiff's title to the subject property;" refers to a 2012 foreclosure sale that BANA canceled, which allowed her to retain possession of the Property despite her admitted 2012 default (*see id.* ¶ 19); and alleges that she "has been damaged" as a result. *Id.* ¶¶ 65-67. Those allegations are insufficient to state a plausible claim for relief.

10

Specifically, Plaintiff does not identify the "multiple false statements" she alleges were made, she does not identify which of the numerous unidentified "Defendants" made the "multiple false statements," and she does not allege facts demonstrating how the alleged "multiple false statements" by the unidentified "Defendants" disparaged her title or caused her damages. She also does not allege facts to show that the alleged "multiple false statements" were made with malice, which is a required element of her claim. And she does not allege that she lost a "specific, pending sale" as a result of the unidentified "false statements" by the unidentified "Defendants," which is also a required element of her claim. Simply put, Plaintiff's conclusory allegations do not satisfy the "stringent pleading requirements" applicable to slander of title claims, *Pampell,* 797 S.W.2d at 395, and she does not state a plausible claim for relief against BANA. The Court should dismiss Plaintiff's claim with prejudice.

### D. Plaintiff does not state a plausible claim for civil conspiracy (Count Four).

In the unlikely event the Court finds Plaintiff's civil conspiracy claim against BANA is not barred by res judicata or time-barred, the Court should still dismiss Count Four, with prejudice, because Plaintiff does not state a plausible claim for relief. To support a claim for civil conspiracy, Plaintiff must allege facts that plausibly demonstrate: (1) two or more persons, (2) an object to be accomplished, (3) a meeting of minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result. *See Duke Energy Int'l, L.L.C. v. Napoli,* 748 F. Supp. 2d 656, 675 (S.D. Tex. 2010). As held by the Texas Supreme Court:

> For a civil conspiracy to arise, the parties must be aware of the harm or the wrongful conduct at the beginning of the combination or agreement [or when the party joins the conspiracy].… One cannot agree, expressly or tacitly, to commit a wrong about which he has no knowledge.

11

*Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996) (citing *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995) ("[C]ivil conspiracy requires specific intent.  For a civil conspiracy to arise, the parties must be aware of the harmful or wrongful conduct at the inception of the combination or agreement.").

Here, Plaintiff alleges that "Defendants have worked in concert to assert illegal and non-equitable claims and interest in the subject property," and that a "myriad of alleged and purported assignments and encumbrance documents have been prepared and recorded by Defendants."  Am. Compl. ¶¶ 69-70.  She further alleges without supporting facts that "Defendants have used unlawful means to accomplish a lawful purpose" and that "Defendants used forgery, trickery and illegal document production and recordation in order to accomplish a foreclosure" of the Property and she has been "damaged" as a result.  *Id.* ¶¶ 72-75.  But in making these factually unsupported allegations, Plaintiff ignores the prior Judgments from the Adversary Action concerning the 2004 Note, the 2004 Deed of Trust, and the Corrective Assignments, discussed above.  Plaintiff is bound by those prior Judgments, and she cannot continue to attack the 2004 Deed of Trust or the Corrective Assignments on the basis that they are "illegal" or "unlawful."

Aside from challenging the 2004 Deed of Trust and the Corrective Assignments, Plaintiff has not alleged any facts—let alone sufficient facts—to identify any individual or entity that allegedly conspired with BANA to commit an unlawful act.  Plaintiff also has not alleged any facts—let alone sufficient facts—to identify what allegedly unlawful act she asserts forms the basis of her conspiracy claim against BANA.  Plaintiff also does not allege BANA and its unidentified "co-conspirators" acted with specific intent to commit an unlawful act, pursuant to an agreement to commit an unlawful act, nor does she allege facts that demonstrate what the alleged agreement was or when the alleged agreement was formed.  *See id.*  And to the extent her

12

claim stems from the issues that were the subject of the Adversary Action (i.e., the 2004 Deed of Trust and the Corrective Assignments recorded in May 2015), the prior Judgment, affirmed on appeal, establishes that BANA's actions did not and do not constitute an unlawful act. Lastly, Plaintiff does not allege facts to demonstrate that she suffered any actual damages.

In sum, Plaintiff offers nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation," which does not and cannot survive a motion to dismiss. *See Iqbal,* 556 U.S. at 678. Thus, the Court should dismiss Plaintiff's civil conspiracy claim with prejudice.

### E. Plaintiff is not entitled to declaratory relief (Count One).

In Count One, Plaintiff seeks a "Declaration of Legal and Equitable Interest and Rights in the Subject Property." *See* Am. Compl. at 7-8. But Plaintiff has failed to sufficiently plead a plausible claim for relief against BANA, as discussed above. Plaintiff, therefore, is not entitled to the declaratory relief she seeks in Count One. *See Lindsey v. Ocwen Loan Servicing, LLP*, No. 3:10-CV-967-L, 2011 WL 2550833, at *6 (N.D. Tex. June 27, 2011) (dismissing claim for declaratory judgment because "[a]s Plaintiff's underlying claim for wrongful foreclosure will be dismissed, there is nothing remaining for the court to adjudicate in this proceeding, and Plaintiff is not entitled to any such relief."). Thus, the Court should deny or dismiss Plaintiff's request for declaratory relief with prejudice.

The Court should alternatively dismiss Count One because there is no actual controversy between Plaintiff and BANA warranting the exercise of jurisdiction pursuant to the Declaratory Judgment Act ("DJA"). Codified at 28 U.S.C. § 2201, the DJA implicates <u>discretionary</u>, rather than compulsory, jurisdiction. *See Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494 (1942); *see also* 28 U.S.C. § 2201(a) (courts "may declare the rights and other legal relations of any interested party seeking such declaration…"). To be entitled to declaratory relief under the DJA, a plaintiff must allege facts demonstrating that there exists "a substantial and continuing

controversy between the two adverse parties." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Here, there is no existing "substantial and continuing controversy" between Plaintiff and BANA because, as discussed above, (i) Plaintiff is bound by the Judgment rendered in the Adversary Action, which was affirmed on appeal; (ii) BANA does not hold or claim to hold any interest in the 2004 Note, the 2004 Deed of Trust, or the Property; and (iii) Plaintiff does not allege that BANA is trying to foreclose on the Property, attempting to collect a debt, or otherwise attempting to enforce the 2004 Deed of Trust against her. Thus, there is no actual controversy as between Plaintiff and BANA that can support the exercise of the discretionary jurisdiction conferred by the DJA in this instance. The Court should, therefore, dismiss Plaintiff's Count One in its entirety, with prejudice.

## IV. CONCLUSION

For the reasons stated herein, BANA respectfully requests that the Court grant its motion and dismiss Plaintiff's Amended Complaint in its entirety and with prejudice, pursuant to Rule 12(b)(6), for failure to state a plausible claim for relief.

Dated: August 29, 2022

Respectfully submitted,

By: */s/ Connie Flores Jones*
Connie Flores Jones
Texas Bar No. 00793736
Email: cflores@winston.com
WINSTON & STRAWN LLP
800 Capitol St., Suite 2400
Houston, TX 77002-2925
Telephone: (713) 651-2782
Facsimile: (713) 651-2700

**ATTORNEYS FOR DEFENDANT
BANK OF AMERICA, N.A.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and caused a copy of same to be delivered to pro se Aleta Chapman via regular U.S. mail at the following:

Aleta Renee Chapman
16118 Chamomile Ct.
Houston, TX 77083

*/s/ Connie Flores Jones*
Connie Flores Jones