United States District Court
Southern District of Texas
**ENTERED**
February 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Aleta Renee Chapman, | § § § | |
| Plaintiff, | § § | Case No. 4:21-cv-03711 |
| v. | § § | |
| Newrez, LLC, f/k/a New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing; U.S. Bank Trust, National Association, solely as owner trustee for RFC 2 Acquisition Trust; Bank of America, N.A., successor in interest to Countrywide Bank, N.A., a division of Treasury Bank, N.A.; Selene Finance, and Unknown Parties in Interest 1-10, | § § § § § § § § § § § § § § | |
| Defendants. | § § § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending are two motions to dismiss, one filed by Defendant Bank of America, N.A. ("Bank of America"), and another filed by Defendants U.S. Bank Trust National Association and Selene Finance ("Selene Defendants"). Dkts. 43, 49. Both motions invoke Federal Rule of Civil Procedure 12(b)(6). After carefully considering the motions, Chapman's responses, Dkts. 45, 50, the replies, Dkt. 46, 54 and the controlling law, it is recommended that the motions to dismiss be granted.

## Background

This dispute arises from a series of conveyances of a deed of trust for a specific property ("the Property"). In 2002, Chapman purchased the Property from Fieldstone Mortgage Company ("Fieldstone"). Dkt. 33 ¶ 14. The beneficiary of the associated deed of trust was an entity called Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.* ¶ 15. Then, in 2004, Chapman refinanced her property through another loan servicer called Countrywide Home Loans ("Countrywide"). *Id.* ¶ 16. Chapman made payments on the mortgage until 2012, when she fell on hard times and ultimately filed for bankruptcy. *Id.* ¶ 19.

Sometime after Chapman refinanced her home, Countrywide apparently assigned her mortgage to Bank of America. *Id.* ¶ 17. When Chapman failed to make payments on her mortgage, Bank of America filed suit and sought to foreclose on the property. *Id.* But Bank of America voluntarily dismissed the foreclosure suit and then assigned the mortgage to another servicer—Green Tree Servicing, LLC ("Green Tree"). *Id.* ¶¶ 17, 18.

During Chapman's bankruptcy proceedings, she brought an adversary action against Green Tree and Bank of America, alleging that they had no

interest in the Property. Dkt. 43-5 at 2, 6-10.[1] The various servicers of the mortgage then recorded a series of corrective assignments for the deed of trust. *See* Dkt. 33 at 6; Dkt. 43-6 at 2-3 (MERS assigns to Bank of America); 43-7 at 2-3 (Bank of America assigns to Green Tree). On June 16, 2015, the bankruptcy court found that, given the set of corrective assignments, Green Tree and its servicer, Fannie Mae, held a valid deed of trust securing a promissory note on the Property, and the Court denied Chapman any relief. Dkt. 43-9 at 2; *see also* Dkt. 43-8 at 52-53 (bankruptcy court finding that the deed of trust was valid but unrecorded and rendering judgment for Bank of America and Green Tree). The district court affirmed the bankruptcy court's ruling. Dkt. 43-10 at 2-4.

After the bankruptcy proceeding concluded, the Property underwent two more assignments. In 2021, Green Tree assigned the deed of trust to Newrez LLC (d/b/a Shellpoint Mortgage Servicing) ("Shellpoint"), Dkt. 49-12 at 2, who in 2022 assigned it to the Selene Defendants, *see* Dkt. 49-13 at 2.

In the interim, Chapman sued Shellpoint in state court on October 29, 2021, alleging that Shellpoint failed to send her a notice of trustee sale and thus failed to satisfy a condition precedent to foreclose on the Property. *See*

---

[1] The Court takes judicial notice of the bankruptcy court proceedings as they are a matter of public record. *See Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Development Inc.*, 972 F.3d 684, 688 n.9 (5th Cir. 2020).

Dkt. 1-2 ¶¶ 12-16, 19. Shellpoint timely removed to this Court on the basis of diversity jurisdiction. *See* Dkt. 1 ¶¶ 4-6.

After Chapman's counsel withdrew, *see* Dkt. 10, Chapman was granted leave to amend her allegations, which mooted Shellpoint's and Chapman's pending summary judgment motions. Dkt. 31 at 3 & n.1. Proceeding *pro se*, Chapman filed an amended complaint that added as defendants U.S. Bank Trust National Association, Bank of America, and Selene Defendants. Dkt. 33. Bank of America and Selene Defendants filed the underlying motions to dismiss that are ripe for resolution. Dkts. 43, 49.

## **Legal Standard**

To survive dismissal under Rule 12(b)(6), a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When conducting this inquiry, the Court can consider documents referenced and incorporated in the complaint and any facts for which judicial notice is appropriate. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice of publicly available documents containing matters of public record when resolving Rule 12(b)(6) motion).

Analysis

Bank of America and the Selene Defendants advance similar arguments in support of dismissal, Dkt. 43; Dkt. 49, including that Chapman's factual allegations in her first amended complaint fail to state a plausible claim, Dkt. 43 at 12-13; Dkt. 49 at 10-11. Because the Court agrees that Chapman has not pleaded sufficient facts to satisfy Rule 12(b)(6), there is no need to resolve the other grounds for dismissal.

I. **Chapman inadequately pleaded the slander of title claim.**

To state a claim for slander of title, a plaintiff must allege "(1) the utterings and publishing of disparaging words; (2) that they were false; (3) that they were malicious; (4) that special damages were sustained thereby; (5) that the plaintiff possessed an estate or interest in the property disparaged; and (6) the loss of a specific sale." *Emeribe v. Wells Fargo Bank, N.A.*, 2013 WL 140617, at *3 (S.D. Tex. Jan. 10, 2013) (citing *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ ref'd)). For the last element, a plaintiff must allege that "a pending transaction was defeated by the slander." *K&N Builder Sales, Inc. v. Baldwin*, 2013 WL 1279292, at *7 (Tex. App.—Houston [14th Dist.] Mar. 28, 2013, pet. denied) (citing *A.H. Belo Corp. v. Sanders*, 632 S.W.2d 145, 146 (Tex. 1982)).

Here, however, Chapman has not alleged that a sale or transaction was frustrated by any actions taken by Bank of America or the Selene Defendants.

At most, the complaint asserts that Chapman was "receiving solicitations to purchase the subject property." Dkt. 33 ¶ 35. That is not enough to suggest that a specific sale was lost due to any slander of title. *See, e.g.*, *Halliburton Co. v. Can-Tex Energy Corp.*, 2001 WL 737542, at *3 (Tex. App.—Dallas July 2, 2001, pet. denied) (holding evidence was insufficient when the purchaser did not "refuse[] to buy" the property because of the allegedly slanderous lien). The absence of these critical allegations means that Chapman has not stated a plausible basis for relief on her slander of title claim. *See, e.g.*, *Smith v. MTGLQ Investors, LP*, 2019 WL 13193219, at *3 (S.D. Tex. Aug. 23, 2019) (dismissing claim when pro se plaintiff failed to allege loss of specific sale, citing *Van Duzer v. U.S. Bank Nat'l Ass'n*, 582 F. App'x 279, 284 (5th Cir. 2014) (per curiam)); *Balgobin v. JPMorgan Chase Bank, N.A.*, 2019 WL 1046835, at *4 (S.D. Tex. Feb. 15, 2019) (dismissing similar pro se claim for failure to include this allegation), *report and recommendation adopted*, 2019 WL 1045841 (S.D. Tex. Mar. 5, 2019).

## II.    Chapman inadequately pleaded her civil conspiracy claim.

Likewise, Chapman fails to allege facts supporting the elements of her claim against Bank of America and the Selene Defendants for civil conspiracy. Civil conspiracy is a derivative tort that requires defendant's participation in some other underlying tortious conduct. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) (citing *Tilton v. Marshall*, 925 S.W.2d 672,

681 (Tex. 1996)). For this claim, Chapman must allege "(1) two or more persons; (2) an objective to be accomplished; (3) a meeting of the minds on the objective; (4) one or more unlawful overt acts; and (5) damages as a proximate result of the conduct." *Murray v. Earle*, 405 F.3d 278, 293 (5th Cir. 2005). To allege a meeting of the minds, a plaintiff must assert "specific intent to agree to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Anderson v. Bank of Am., N.A.*, 2014 WL 12587072, at *5 (S.D. Tex. Jan. 27, 2014) (citing, *inter alia*, *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)), *report and recommendation adopted*, 2014 WL 12587073 (S.D. Tex. Feb. 25, 2014).

For the meeting-of-the-minds requirement, Chapman merely asserts in conclusory fashion that "[d]efendants have worked in concert to assert illegal and non-equitable claims and interests in the subject property." Dkt. 33 ¶ 69. She alleges no facts that "provide plausible grounds to suggest" an unlawful agreement was made. *See Deelen v. Klein Indep. Sch. Dist.*, 2015 WL 10767059, at *5 (S.D. Tex. Mar. 31, 2015) (rejecting similarly "formulaic recitation of an element of a conspiracy claim"); *see also, e.g.*, *Angel v. La Joya Indep. Sch. Dist.*, 717 F. App'x 372, 380 (5th Cir. 2017) (affirming dismissal of civil conspiracy claim where plaintiff's assertions of concerted action were conclusory). Chapman's allegations "are inadequate to allege the meeting of the minds necessary to sustain a civil conspiracy claim." *Breitling v. LNV*

*Corp.*, 2015 WL 5896131, at *8 (N.D. Tex. Oct. 5, 2015) (dismissing analogous pro se claim in mortgage dispute).

### III. Dismissal of Chapman's slander of title and conspiracy claims defeats her request for declaratory relief.

Chapman's failure to state a claim against Bank of America and Selene Defendants for slander of title or civil conspiracy forecloses her further request for a declaration that would determine whether those defendants are entitled to foreclose on her Property. *See* Dkt. 33 ¶¶ 44-52. When, as here, "a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202." *Bell v. Bank of Am. Home Loan Servicing*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). "The Declaratory Judgment Act is a procedural device that creates no substantive rights ...." *Id.* Declaratory relief therefore must be premised on another cause of action. *See Reyes v. N. Texas Tollway Auth.*, 861 F.3d 558, 565 n.9 (5th Cir. 2017) (explaining that requests for declaratory relief "are not freestanding; they must be supported by some underlying cause of action").

Dismissal of Chapman's other claims against Bank of America and the Selene Defendants eliminates the basis for her declaratory judgment claim. Accordingly, her declaratory judgment claim likewise should be dismissed.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** Defendant Bank of America's motion to dismiss (Dkt. 43), and further **GRANT** the Selene Defendants' motion to dismiss (Dkt. 49).

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on February 27, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge